UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAM SHADOW,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> VS.  ) <br> ) <br> CONTINENTAL AIRLINES, INC., et al.  ) <br> ) <br> Defendants.  ) <br> ) | Civil Action No.  SA-06-CA-619-XR |

**ORDER**

On this date, the Court considered Defendants' motion to dismiss and Plaintiff's motion for leave to file an amended complaint. For the reasons discussed below, the motion for leave to file an amended complaint is GRANTED (Docket No. 11). The Court will evaluate Defendants' motion to dismiss based on the content of Plaintiff's proposed amended complaint. *See* Docket No. 11, Exhibit 1. After careful consideration of the submissions of the parties and the relevant law, Defendants' motion to dismiss is GRANTED (Docket No. 3). Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6). Although exhaustion of administrative remedies is not a jurisdictional prerequisite, Plaintiff cannot avail himself of the narrow futility exception to this affirmative defense. Plaintiff has not demonstrated that his pursuit of available administrative remedies to challenge his pension benefit calculation or his entitlement to arrearages would be futile. Rather, the record reveals that Plaintiff has never submitted a claim pursuant to the Plan's administrative claim-review process and has misunderstood or ignored repeated instructions on how to do so. The Court finds that Plaintiff's

state law claims for breach of contract and breach of fiduciary duty are preempted by ERISA. The Court also finds that Plaintiff's fiduciary claims pursuant to 29 U.S.C. § 1132(a)(2) are really disguised benefits claims, which are subject to the administrative exhaustion requirement. To the extent that Plaintiff alleges fiduciary claims pursuant to 29 U.S.C. § 1132(a)(3) for violations of the statutory provisions of ERISA or the terms of the Plan, the Court will not grant any equitable relief until Plaintiff demonstrates his good faith attempt to participate in and comply with the Plan's administrative claim-review process. The Court finds that Defendant has provided Plaintiff with the information necessary to initiate his administrative claim and is not liable for failure to provide any requested information. *See* 29 U.S.C. § 1132(a)(1)(A) (providing for $100 per day penalty for failure to supply requested information).

## I. Factual and Procedural Background

Plaintiff Sam Shadow ("Shadow") filed this lawsuit against Defendants Continental Airlines Inc., Continental's Employee Retirement Benefit Plan, and the Plan Administrator (collectively "Continental") to recover allegedly wrongfully withheld and wrongfully calculated pension benefits. Plaintiff alleged claims for wrongful denial or calculation of benefits under ERISA, request for accounting, state law breach of contract, state law breach of fiduciary duty, breach of fiduciary duty under ERISA, statutory damages under ERISA, and attorney's fees and costs.

Plaintiff began his employment as an aircraft mechanic with a company known as Texas International Airlines ("TIA") on May 21, 1973. TIA merged with Continental during 1981. In July or August of 1996, Kevin Laird ("Laird") became Shadow's new maintenance supervisor at Continental. Laird treated Shadow fairly until July of 1997, at which point he allegedly began to verbally chastise and berate Shadow. Due to Laird's alleged mistreatment of him, Shadow was

fearful of losing his job. Shadow developed high blood pressure and experienced nausea, stomach disorders, headaches, difficulty sleeping and eating, stress, anxiety, and depression. Shadow reported his medical condition to Laird, but Shadow insists that his high blood pressure did not affect his work.

In a letter to Laird dated October 27, 1997, Shadow requested to retire from Continental on January 16, 1998. On November 11, 1997, having considered Shadow's record of attendance, performance, and discussions with Shadow about his health, Laird placed Shadow on paid medical leave of absence pending his retirement date. Shadow desired to work until at least January 16, 1998 so that he would complete a full 25 years of employment with Continental. Apparently, Shadow's paid medical leave status also made him eligible for the 1997 year-end bonus.

On January 9, 1998, Shadow faxed Laird and Rodney Cox ("Cox"), Continental's Human Resources Manager, advising them of his desire to return to work on the expiration of his medical leave of absence. A "return to work" meeting was scheduled for January 23, 1998; however, Shadow informed Laird that he would be unable to attend. While discussing the need to reschedule the "return to work" meeting, Shadow insisted that he be allowed to bring his attorney to the meeting. Laird advised Shadow that he could have his union representative present but that private attorneys were not permitted at company meetings.

A second "return to work" meeting was scheduled for February 16, 1998 by letter from Cox. This letter was properly addressed and dated February 4, 1998, but it was not received by Shadow until after the meeting because Shadow was out of town.

On February 18, 1998, Cox sent Shadow a second letter seeking to reschedule another meeting and informing Shadow that if Cox did not hear from Shadow by February 27, 1998, he

would assume that Shadow was not longer interested in returning to work at Continental. On February 25, 1998, Shadow sent a letter to Laird seeking to reschedule the meeting and requesting again that he be allowed to bring his attorney. In response, Cox mailed a letter dated March 4, 1998, which asserted Cox's assumption that Shadow had retired. Neither Cox nor Shadow appear to have received each others' February 25, 1998 or March 4, 1998 letters. No additional evidence indicates that Shadow made subsequent efforts to contact Continental about resuming his employment.

On September 14, 1999, Shadow filed a lawsuit in the 224th Judicial District Court, Bexar County, Texas against Continental, alleging age and disability discrimination and intentional infliction of emotional distress. The trial court granted summary judgment for Continental, and the Fourth Court of Appeals affirmed, in a decision dated September 24, 2003. *Shadow v. Continental Airlines*, No. 04-02-00930-CV. In affirming the trial court's decision, the Fourth Court of Appeals found that Continental sought to place Shadow on medical leave until his date of retirement. Furthermore, the Court stated that "[t]he fact that Shadow submitted a request to retire and was unable to participate in return to work meetings indicates a legitimate reason to consider that Shadow retired." The Fourth Court of Appeals concluded that Shadow had voluntarily retired and was not wrongfully discharged. Additionally, it found that Shadow's IIED claim must fail as a matter of law because Continental did not engage in outrageous conduct.

According to the Pension Election Worksheets mailed to Shadow by Continental, Shadow's last day of employment was January 23, 1998. Plaintiff alleges that after this date, Continental "wrongfully withheld all retirement benefits from Plaintiff." Plaintiff alleges that Continental should have been paying him his retirement benefits from that date. Unable to resolve this dispute, Plaintiff filed a lawsuit in this Court on March 1, 2004. *See* Civ. Action No. SA-04-CV-176-XR. Plaintiff

voluntarily dismissed that suit without prejudice on May 26, 2004 in order to exhaust his administrative remedies.

Plaintiff alleges that the following events have transpired since that dismissal of his 2004 lawsuit:

> Now two years later, Plaintiff still has not been granted and [sic] administrative hearing. Each effort to obtain such a hearing has been met with the same response. Plaintiff receives form letters telling him what his benefits are. No matter how Plaintiff requests an appeal, he is met with the same computer generated response. Due to Plaintiff's age and health, on advice of counsel, Plaintiff finally relented and filled out the necessary paperwork to start his monthly benefits. Plaintiff has never spoken to a human being with Continental Airlines benefit center, and he seriously suspects that there are no humans working in the benefits center . . . . To this day, Plaintiff has not been able to receive . . . an explanation of how his benefits are calculated, and more importantly why he was not entitled to receive interest on his delayed benefits.

Not surprisingly, Continental has a different perspective on the dialogue between the parties since Shadow's retirement on January 23, 1998. Continental's basic contentions are that (1) Plaintiff had the responsibility to submit the appropriate paperwork to the Plan before receiving his pension benefits; (2) the payment of pension benefits upon Plaintiff's retirement in 1998 is not automatic under the Plan; (3) Plaintiff is not entitled to any payment for arrearages or interest on his pension benefits because he failed to request commencement of his benefits until December of 2005; (4) Continental has provided Plaintiff with the Plan documents that inform him of the administrative process for appealing benefits decisions and numerous benefits calculations over the years; (5) Plaintiff finally applied for his pension benefits using the appropriate paperwork in December 2005, was approved in January 2006, and starting receiving his benefits on March 1, 2006; (6) Plaintiff has not contested the amount of benefits he is receiving through the Plan's administrative claim-review process; (7) on March 22, 2005, Continental's in-house counsel specifically informed Plaintiff that

"once he commences his pension benefits, he can appeal the calculations by writing to (there is no form for the appeal): Continental Airlines, Inc., Benefits Department, 1600 Smith St., 20th Floor, Houston, TX 77002"; however, Plaintiff failed to apply for those benefits until December 2005, and he still has not administratively contested the calculation of his benefits; (8) Plaintiff should have commenced his pension benefits in 1998 and then immediately challenged the calculation of those benefits through the Plan's administrative claim-review process; and (9) Plaintiff has failed to demonstrate that his written correspondence with Continental, which was not in compliance with the Plan's administrative claim-review process, constituted an exhaustion of administrative remedies.

A review of correspondence between the parties indicates that Plaintiff's attorney either did not understand or did not accept clear instructions from Continental's in-house counsel regarding the administrative procedure for commencing pension benefits and then challenging their calculation. On March 22, 2005, Continental's in-house counsel stated the following in a letter addressed to Plaintiff's attorney:

> All Mr. Shadow has ever had to do to commence his retirement benefits is call the Continental Benefits Center and submit the required pension election authorization form which has been provided to him by Continental's Benefit Center on several different occasions . . . . The fact that Mr. Shadow has delayed requesting the commencement of his retirement benefit does not increase his payout nor warrant the payment of interest under the Plan . . . . Mr. Shadow must call the Continental Benefits Center to make his elections so the pension election authorization form can be generated for his review and signature. Once the form is returned and verified, Mr. Shadow's payments will commence. Once he commences his pension payments, he can appeal the calculation . . . . Mr. Shadow and those advising him have done him a great disservice by not applying for, and commencing, the pension benefits which are not in dispute.

Despite receiving clear instructions stating that Plaintiff should commence his pension benefits and then administratively contest the calculation of those benefits, Plaintiff did not submit the required

pension election authorization form. Instead, Plaintiff's attorney wrote a letter to Continental's in-house counsel on June 22, 2005, demanding a copy of the ERISA plan and informing Continental that he had retained a labor lawyer expert to ascertain how he could receive an administrative hearing "without having to sign documents agreeing to Continental Airlines version of the retirement benefits." Several months later, On October 17, 2005, Plaintiff's attorney wrote a letter addressed to "ERISA Plan Administrator" purporting to make an election for pension benefits on behalf of Shadow and demanding that the Plan pay a lump sum payment to Shadow in the amount of $54,272 for arrearages and interest. On November 18, 2005, Continental's in-house counsel responded with a letter stating that the Benefits Center never received the October 17, 2005 letter, Plaintiff's attorney cannot make the election for Shadow, Shadow must apply for benefits in the manner indicated in the March 22, 2005 letter, and Shadow is not entitled to "arrearages" because he never activated his retirement according to the Plan's requirements.

Continental filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's claims are preempted by the Railway Labor Act and are subject to mandatory arbitration, even if administrative remedies have been exhausted; (3) Plaintiff's claims are not ripe; (4) Plaintiff has sued the wrong entity; (5) Plaintiff's fiduciary duty claims are really disguised benefits claims; and (6) Plaintiff's state law claims are preempted by ERISA.

## II. Legal Analysis

### A.   Standard of review for a motion to dismiss

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v.*

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran*, *Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

**B.    Plaintiff may file his amended complaint pursuant to Fed. R. Civ. P. 15(a) because Defendants have not yet filed a responsive pleading**

Rule 15(a) of the Federal Rule of Civil Procedure state that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Because a Rule 12(b)(6) motion to dismiss is not a "responsive pleading," the filing of such a motion does not extinguish a party's right to amend as a matter of course. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).  A review of the Court's docket reveals that Continental has not yet filed an answer to Plaintiff's complaint.  "When, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition." *Id.* (citing *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir.1984). Plaintiff's motion to file an amended complaint is GRANTED.  The Court will rely on the content of Plaintiff's proposed amended complaint in ruling on Continental's motion to dismiss. *See McKinney*, 309 F.3d at 315.

**C.      Plaintiff's state law claims for breach of contract and breach of fiduciary duty are preempted by ERISA**

ERISA expressly "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A state law 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.' " *Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 821 (5th Cir.1994)(quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 96-97 (1983)). This language, the Supreme Court has held, is "deliberately expansive," and is designed to "establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987).

ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir.1995). "When beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA, in 29 U.S.C. § 1132(a)(1)(B)." *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 979 (5th Cir. 1991). Based on this authority, the Court finds that Plaintiff's state law claims for breach of contract and breach of fiduciary duty are preempted by ERISA.

**D.      Plaintiff's fiduciary claims pursuant to 29 U.S.C. 1132(a)(2) are really disguised benefits claims, which are subject to ERISA's administrative exhaustion requirement**

Plaintiff asserted a breach of fiduciary duty claim pursuant to ERISA. However, in his prayer, Plaintiff only seeks to recover "*sums due and owing him* under the retirement benefits plans, including but not limited to liquidated damages of $100 per day from November 15, 1997 to the date

of judgment." Therefore, Plaintiff seeks benefits due to him under the Plan and statutory damages under ERISA, not damages on behalf of the Plan itself.

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a civil action to be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under" section 409. ERISA § 409(a), 29 U.S.C. § 1109(a), provides that anyone who breaches a fiduciary duty to a plan shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1104(a)(1) describes a fiduciary's duties to plan participants and beneficiaries as follows:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
> (A) for the exclusive purpose of:
> (i) providing benefits to participants and their beneficiaries; and
> (ii) defraying reasonable expenses of administering the plan;
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims

The duties of prudence and loyalty embodied in this provision have been characterized as among the "highest known to law." *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 793 F.2d 1456, 1468 (5th Cir.1986), *cert. denied*, 479 U.S. 1034 & 1089 (1987).

The Supreme Court held in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), that any recovery for a violation of section 1109 goes to the Plan and not a beneficiary. *Id.* at 140. The Court relied upon the language in section 1109 and Congress's evident concern for

mismanagement of plan assets to hold the recovery must be to the plan itself. Other courts have also recognized that any recovery from an action for breach of fiduciary duty goes to the plan as a whole and not an individual beneficiary. *Simmons v. Southern Bell Tel. & Tel. Co.*, 940 F.2d 614, 617 (11th Cir.1991); *Hozier v. Midwest Fasteners Inc.*, 908 F.2d 1155, 1162 & n. 7 (3d Cir.1990); *Bryant v. International Fruit Product Co.*, 886 F.2d 132, 135 (6th Cir.1989); *Sommers Drug Stores Co. v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1463 (5th Cir.1986).

True fiduciary duty claims pursuant to 29 U.S.C. 1132(a)(2) do not require administrative exhaustion under ERISA. *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006)(en banc). However, the Fifth Circuit has stated that the administrative exhaustion requirement applicable to ERISA benefits claims is applicable to fiduciary claims that are instead disguised benefits claims, not true breach-of-fiduciary-duty claims. *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990); *Galvan v. SBC Pension Benefit Plan*, No. 04-51214, 2006 WL 2460879, *4 (5th Cir. August 23, 2006). A fiduciary claim amounts to a benefits claim when resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA. *Galvan*, 2006 WL 2460879, at *4 (citing *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002)). Plaintiffs who prevail on ERISA fiduciary duty claims can only recover losses on behalf of the Plan, not benefits due to individual beneficiaries. *Total Plan Services, Inc., v. Tex. Retailers Ass'n*, 932 F.2d 357, 358 (5th Cir. 1991); 29 U.S.C. § 1109(a). *Milofsky* suggests that although a section 1132(a)(2) fiduciary claim does not have to inure to the benefit of each and every beneficiary of the Plan, the claim certainly must benefit more than one beneficiary in order to avoid being classified as a disguised benefit claim. *See Shannahan v. Dynegy, Inc.*, No. H-06-0160, 2006 WL 3227319, *5 (S.D. Tex. Nov. 6, 2006).

The Court finds that Plaintiff's fiduciary claims rest on interpretation and application of an ERISA-regulated plan and seek recovery of benefits allegedly due to him as an individual beneficiary. Plaintiff primarily argues that the Plan Administrators breached their fiduciary duties of good faith, loyalty, and candor to him by not paying him his benefits with arrearages. Therefore, Plaintiff's section 1132(a)(2) fiduciary claims under ERISA are really disguised benefits claims, which are subject to the administrative exhaustion requirement.

**E.     Plaintiff's fiduciary claims pursuant to 29 U.S.C. 1132(a)(3) must fail because Plaintiff has not submitted a wrongful calculation of benefits claim pursuant to the Plan's administrative claim-review process**

ERISA § 502(a)(3)(B) allows an action to be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations" 29 U.S.C. § 1132(a)(3). Thus, a section 502(a)(3) fiduciary claim allows a individual beneficiary to seek individualized equitable relief for violation of the statutory provisions of ERISA or the terms of the Plan.

Failure to comply with ERISA procedural requirements generally does not give rise to a substantive damage remedy unless the violations are continuous and amount to actual harm. *Hines v. Mass. Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir.1995)(addressing breach of fiduciary duty claims); *see also Duncan v. Assisted Living Concepts, Inc.*, No. Civ. A. 3:03-CV-1931N, 2005 WL 331116, at *4 (N.D. Tex. Feb. 10, 2005) ("Procedural violations of ERISA do not entitle the plan beneficiary to a substantive remedy unless the beneficiary can prove continuous violations resulting in some prejudice to the beneficiary"). "Challenges to ERISA procedures are evaluated under the substantial compliance standard." *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392 (5th

Cir.2006)(citing *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005)). Court's typically fashion equitable remedies for ERISA procedural violations when those violations adversely affected the claimant's ability to prosecute his or her benefits claim. *See, e.g., Duncan, 2005 WL 331116*, at *4 (ordering Plan Administrator to reconsider claimant's administrative appeal when the Plan Administrator abused its discretion in administering the appeal process). In this case, a wrongful calculation of benefits claim has not been submitted. To demonstrate that he is entitled to equitable relief, Plaintiff must show that the Plan Administrator failed to substantially comply with the statutory provisions of ERISA or the terms of the Plan and those violations were continuous and prejudicial. The Court finds that Continental did not commit statutory violations of ERISA because Plaintiff delayed commencing his pension benefits until March 1, 2006 and has never challenged the benefit calculation according to the Plan's administrative claim-review process. It is impossible for this Court to determine whether Defendant has substantially complied with the statutory provisions of ERISA or the terms of the Plan until Plaintiff actually submits a claim. The Court finds that Continental has provided Plaintiff with the information necessary to challenge the calculation of benefits; however, Plaintiff still has not done so. Continental did not fail to comply with ERISA's statutory claim-review procedures because a wrongful calculation of benefits claim has never been formally submitted to the Plan.

**F.    Plaintiff's statutory damages claim pursuant to 29 U.S.C. § 1132(a)(1)(A) must fail because Defendant has provided Plaintiff with the information necessary to submit a wrongful calculation of benefits claim pursuant to the Plan's administrative claim-review process**

Plaintiff seeks statutory damages of $100 per day for the alleged failure of the Plan to provide him with requested information. ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that

"any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." A review of the record indicates that Defendant has provided Plaintiff with the information necessary to file his wrongful calculation of benefits claim; therefore, an award of statutory damages would be improper.

G.  **Plaintiff failed to exhaust his administrative remedies on his ERISA benefits claims, and the futility exception to this affirmative defense does not apply**

"[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir.2000). A claim arising under ERISA does not accrue until an administrative claim has been filed and denied. *Paris v. Profit Sharing Plan*, 637 F.2d 357, 361 (5th Cir. Feb. 1981), *cert. denied*, 454 U.S. 836 (1981). The Fifth Circuit has held that exhaustion of administrative remedies is not a prerequisite to Federal court jurisdiction. *See Hager v. NationsBank N.A.*, 167 F.3d 245, 248 n. 3 (5th Cir.1999); *Chailland v. Brown & Root, Inc.* 45 F.3d 947, 950 n. 6 (5th Cir.1995). Thus, dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust would be inappropriate. Indeed, ERISA contains no exhaustion requirement whatsoever. However, relying upon *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980), plus Congressional intent and well-settled principles of administrative law, the Fifth Circuit adopted the common law rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied. *Denton v. First*

*National Bank*, 765 F.2d 1295, 1300-03 (5th Cir.1985). The Fifth Circuit has characterized this administrative exhaustion requirement as an "affirmative defense." *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 232 (5th Cir.1997). The Court concludes that Plaintiff's wrongful denial and calculation of benefits claims are subject to ERISA's administrative exhaustion requirement.

The Fifth Circuit has "recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile." *Hall*, 105 F.3d at 232. In this case, Plaintiff cannot claim that participation in the Plan's claim-review process would be futile because Plaintiff has not submitted a wrongful calculation of benefits claim to the Plan. The Court finds that Continental's letter of March 22, 2005 is crystal clear about how to commence Plaintiff's pension benefits and how to appeal the Plan's calculation of those benefits. The Court simply does not understand why it took a year after the March 22, 2005 letter was sent for Plaintiff to follow those instructions. Plaintiff has provided no evidence indicating that a wrongful calculation of benefits claim has been submitted to the Plan according to the instructions in that letter. Plaintiff could assert his entitlement to arrearages and interest in that claim. If the claim is administratively denied, or if the Plan fails to substantially comply with ERISA's statutory requirements, or if the Plan fails to substantially comply with its own claim-review process, then Plaintiff can sue in Federal court because administrative remedies were exhausted or the futility exception applies. Until Plaintiff can demonstrate that he has made a good faith effort to comply with the terms of the Plan, instead of complying with the terms of the Plan as he wished them to be, then Plaintiff has failed to exhaust his administrative remedies.

The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the Federal courts; (2) provide a sufficiently

clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*. *Denton v. First Nat. Bank of Waco, Tex.*, 765 F.2d 1295, 1300 (5th Cir. 1985). The Plan has not yet been given an opportunity to consider whether Plaintiff's pension benefits have been miscalculated or whether Plaintiff is entitled to arrearages and interest on wrongfully withheld payments under the terms of the Plan. As such, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Although the question of whether Plaintiff's claims are preempted by the Railway Labor Act is an important legal issue, this Court will not issue an advisory opinion on that point of law because preemption would only apply if Plaintiff's claims were already administratively exhausted. Suffice it to say, Plaintiff would be well advised to fully research that legal issue and ascertain whether an arbitral forum is in fact available to him.

### III. Conclusion

The motion for leave to file an amended complaint is GRANTED (Docket No. 11). The motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED (Docket No. 3). Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

It is so ORDERED.

SIGNED this 11th day of December, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE